NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  LAURA VASQUEZ and RICHARD VASQUEZ,  _____  JOHN J. MENCHACA, Chapter 7 Trustee,  Appellant,  v.  LAURA VASQUEZ,  Appellee. | No.   17-55544  D.C. No. 2:15-cv-01401-JGB  MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted August 10, 2018
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and EZRA,** District Judge.

After Laura Vasquez's bankruptcy case was discharged, she filed a lawsuit

against her former employer, Del Monte Fresh Produce, Inc. ("Del Monte").  The

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Trustee of her bankruptcy Estate, John Menchaca, successfully moved to reopen her bankruptcy case on the ground that the Estate owned the claims against Del Monte because they arose prior to the filing of the bankruptcy petition. The bankruptcy court later approved a settlement between the Estate and Del Monte. The district court reversed. The Trustee timely appeals the district court's decision. We have jurisdiction under 28 U.S.C. § 158(d). We affirm in part and reverse in part.

The confusion in this case appears to stem from the fact that Vasquez's lawsuit against Del Monte alleges claims that accrued both before and after Vasquez's bankruptcy petition was filed. At oral argument, however, the parties correctly conceded that the bankruptcy Estate owns all claims that accrued before Vasquez's bankruptcy petition was filed. *See* 11 U.S.C. § 541(a)(1). On the other hand, claims that accrued after the petition's filing belong to Vasquez. *Id.* For the purposes of bankruptcy discharge, a claim arises "at the time of the events giving rise to the claim, not at the time plaintiff is first able to file suit." *O'Loghlin v. Cty. of Orange*, 229 F.3d 871, 874 (9th Cir. 2000), and claims are construed "broad[ly] . . . to ensure that all legal obligations of the debtor, *no matter how remote or contingent*" are part of the bankruptcy Estate, *In re SNTL Corp.*, 571 F.3d 826, 839 (9th Cir. 2009) (internal quotation marks and citations omitted). Therefore, we reverse the district court to the extent its ruling prevents the Trustee from settling

2

any of Vasquez's claims "insofar as [they are] based on pre-discharge violations" of her rights. *See O'Loghlin*, 229 F.3d at 877.

1.      The district court held that Vasquez's claims for actual or perceived disability (Claim 1), and discrimination on the basis of national origin (Claim 2), arose entirely post-petition. We agree that Vasquez retains ownership of these claims to the degree they stem from her termination, but clarify that the Trustee owns any portion of these claims that relate to alleged pre-petition violations of her rights, including the refusal of her annual salary increase. *See Guyton v. Novo Nordisk, Inc.*, 151 F. Supp. 3d 1057, 1073 (C.D. Cal. 2015) (noting that a denial of "increased salary of benefits" may constitute an adverse employment action under the FEHA); *accord Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 797 (N.D. Cal. 2015).

2.      The district court held that Vasquez's claim for failure to prevent harassment and discrimination (Claim 4) arose post-petition. We reverse this decision because the facts alleged as to these claims rely solely on pre-petition conduct.[1] Vasquez did not connect Del Monte's alleged failure to prevent discrimination and harassment by her supervisor to her termination. Therefore, this cause of action belongs to the bankruptcy Estate and may be settled by the

---

[1] Contrary to the district court's finding, Vasquez did allege that she brought her supervisor's harassment to Del Monte's attention before she filed a complaint with the Department of Fair Employment and Housing.

3

Trustee.

3. The district court found that Vasquez's claims for failure to accommodate (Claim 5) and failure to engage in a good faith interactive process (Claim 6), did not accrue until she requested accommodations at the end of her medical leave. But Vasquez also alleged multiple violations of her employer's accommodation and good faith interactive process obligations during her pre-petition employment. Therefore, we clarify that the Trustee owns any portion of Vasquez's claim that stems from alleged violations that occurred pre-petition.

4. The district court found that Vasquez's claim for violation of California's Unfair Competition Law (UCL) (Claim 10), arose solely post-petition and therefore could not be settled by the Trustee. The UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition laws make independently actionable." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (citation omitted). We affirm the district court's conclusion that Vasquez retains ownership of her UCL claim as related to her termination, but clarify that the Trustee may settle the remaining part of her UCL claim that stems from pre-petition economic injury. Each party shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART.**

4